█ CLARENCE D. DAVIS, INC., Respondent, v. CHEMUNG CANAL TRUST COMPANY, Appellant.— Defendant appeals from a judgment of the Supreme Court and from an order denying a motion for a new trial. The appeal relates to a cause of action against the bank for the wrongful payment of a check drawn by plaintiff upon its account in the defendant bank, payable to one Lawrence Doody in the sum of $800 after the plaintiff had notified the bank to stop payment thereon. Implicit in the jury's verdict is a finding that timely and adequate notice to stop payment of the .check was given to the bank, and that thereafter the bank honored the check and paid the money to the payee named, Doody. Defendant's principal contention is that plaintiff ratified the payment of the check by bringing an action against Doody for breach of warranty, used the check in evidence at the trial, and was unsuccessful in the action. On February 3, 1951, plaintiff gave Doody its check for $800 in payment for a bulk quantity of cabbage which was stored out of doors and covered with straw. On February 5 plaintiff sent a truck to pick up the cabbage, and after a relatively small portion of the cabbage had been loaded on the truck plaintiff claimed that the cabbages were frozen and refused to accept any more. Plaintiff promptly notified the bank to stop payment on the check. There is evidence that after the plaintiff discovered that the check had been paid a protest was made to the bank charging wrongful payment, and that an officer of the bank indicated that the bank would not be responsible and that plaintiff should sue Doody. Thereafter both oral and written demands were made on the bank for repayment, which was declined. There is no evidence in the record other than the suit against Doody above mentioned which even suggests ratification. Plaintiff consistently maintained to the bank that the payment from its account was wrongful and that the bank should repay plaintiff. When an officer of the bank indicated that the bank would not be responsible the cause of action arose and liability was fixed. The fact that plaintiff subsequently unsuccessfully attempted to collect from Doody, especially when the bank had suggested such a course and had refused to recognize its own liability, may not be considered a voluntary ratification of the bank's wrongful payment. There is no evidence that plaintiff ever gave Doody any credit on its books for the payment or that it ever recognized the validity of the payment. To constitute ratification there must be some word or act of acquiescence in the payment which may be spelled out within the confines of the plaintiff's dealings with the bank. The bank may not take advantage of something the plaintiff did in an effort to recoup his loss after the bank had repudiated its liability. Counsel for appellants in his brief recognizes that there can be no irrevocable election of remedies as a defense because of section 112-a of the Civil Practice Act. The brief also recognizes that proof of the fact that plaintiff owed Doody would not be a defense. (*American Defense Soc.* v. *Sherman Nat. Bank*, 225 N. Y. 506.) It insists, however, that the action brought by plaintiff against Doody, a matter which was entirely foreign to any transaction between plaintiff and the bank and of no concern to the bank, constituted a ratification. We do not see the distinction. Calling a transaction "ratification" instead of calling it

" election of remedies " or calling it " proof of actual indebtedness " by plaintiff to Doody, does not change the actualities. The court properly omitted the question of ratification in the charge to the jury. Appellant also asserts error in the refusal of the trial court to receive in evidence a portion of the deposition of the witness Doody which was taken outside of court by stipulation. Plaintiff's counsel examined Doody as to the precise time and circumstances when he presented the check to the bank and received payment. This was, of course, designed to establish that the check was presented subsequent to the stop payment order. Defendant's counsel then examined Doody as to whether or not the cabbages involved in the original transaction were frozen and concerning the value of the cabbage. This was, of course, not cross-examination pertaining to anything brought out by the plaintiff and was irrelevant as to any issue between plaintiff and defendant unless it could possibly be relevant on the question of damages. Plaintiff never accepted any cabbage after the check was paid. Whether they were frozen or not is wholly irrelevant in this action. The value of the cabbage not accepted was irrelevant. No proof was offered specifically limited to the small quantity of cabbage actually received by plaintiff before the stop payment order. We see no error in the refusal of the trial court to receive that portion of Doody's deposition which dealt with irrelevant matters. Judgment and order affirmed, with costs. Bergan, J. P., Coon, Gibson and Herlihy, JJ., concur.